UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-12-DLB

UNITED STATES OF AMERICA                              PLAINTIFF

V.                            PLEA AGREEMENT

GEORGE ANTHONY WALKER                                 DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the Indictment, which charges knowing and intentional possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance (hereinafter the "Offense"). Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of the Offense are:

   (a) The Defendant knowingly and intentionally possessed a mixture or substance containing methamphetamine, a Schedule II controlled substance;

   (b) The Defendant had the intent to distribute such substance; and

   (c) The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.



3. As to the Offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On March 8, 2025, in Pike County—which is located in the Eastern Judicial District of Kentucky—the Defendant knowingly possessed more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, with the intention of distributing it. Specifically, following a traffic stop on that date, law enforcement seized 111.91 grams of (lab-test-confirmed) methamphetamine mixture from the Defendant's trunk as well as digital scales from the Defendant's person. In a post-*Miranda* interview, the Defendant admitted that he intended to distribute the seized controlled substances.

(b) Prior to March 8, 2025, the Defendant had a final conviction for a serious drug felony, namely, a conviction under KRS § 218A.1412 Trafficking in Controlled Substance in the First Degree, in Madison Circuit Court, Case No. 19-CR-257, for which he was sentenced on or about November 5, 2021. For this offense, the Defendant served a term of imprisonment of more than 12 months and was released from service of that term of imprisonment within 15 years of the commencement of the instant offense.

4. The statutory punishment for the Offense is imprisonment for not less than 10 years and not more than life, a fine of not more than $8,000,000, and a term of supervised release of at least 8 years. The Defendant agrees that he has a prior qualifying serious drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851 and is therefore subject to the above-referenced enhanced statutory punishment. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and



*SMJ*   *G.W.*

they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6.    No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.    The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

9.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10.    This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.



11. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 6/4/25   By: _____
W. Pearce Nesbitt
Assistant United States Attorney

Date: 6-4-25   _____
George Anthony Walker
Defendant

Date: 6/4/25   _____
Sebastian M. Joy
Attorney for Defendant